Law Library

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| THE PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CF0475-12 |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| SIGFREDO SORIANO SANDOVAL, | ) | DECISION AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

This matter came before the HONORABLE VERNON P PEREZ on October 5, 2012 on Defendant's Motion to Dismiss. Assistant Public Defender Raymond B. Ilagan appeared on behalf of Defendant while Assistant Attorney General Brian D. Gallagher represented the Government. Having considered the Parties' arguments, the record and the applicable law, the Court now issues this Decision and Order.

## BACKGROUND

The case before the Court involves charges of Second Degree Criminal Sexual Conduct and Incest. On October 2, 2012, the Court granted Defendant's Motion for Bill of Particulars because the Court believed that the indictment charges could be made with more factual details and a narrower time frame. The Government had an opportunity to speak with the alleged victim but was unable to add detail to the indictment. On October 5, 2012, the Government submitted a Bill of Particulars that stated the victim "is unable to be more specific." The Defendant requests dismissal on the grounds that he is unable to prepare a defense leading to a violation of Defendant's right to due process. The Court now considers Defendant's Motion to Dismiss.

*People v. Sandoval,*
Decision and Order
Criminal Case No. CF0475-12

## DISCUSSION

Essentially, the Defense argues that the time period alleged in the indictment is too broad and prevents the Defendant from effectively preparing a defense. Basic defenses such as alibi, addressing the behavior of the alleged victim after the crimes and the passage of time and its effect on the child witness, are limited based on the lack of specific dates. Defendant asserts that his due process rights are violated as a result of the inadequate indictment.

In opposition, the Government argues that in sexual abuse cases involving minor victims the prosecution must be given some flexibility based on the child-victim's age and inability to recall dates, especially when dealing with a pattern of abuse as opposed to a single incident. Moreover, under Guam law, time is not an element of criminal sexual conduct. The Government further argues that in these types of cases, the conviction may be upheld so long as the child-victim is able to testify as to a general time period an to the specific acts that occurred. In this case, the Government asserts that they have provided the Defendant with a time frame which has a distinct beginning and a clear end, which is sufficient to satisfy both the Organic Act and the Constitution. *See* Government's Opposition to Motion for Bill of Particulars.

Guam law requires that an indictment be a plain, concise and definite written statement of the essential facts constituting the offense charged, 8 G.C.A. § 55.10 (a), and that it state for each count the official or customary citation of the statute or other provision of law which defendant is alleged to have violated, § 55.10 (b). Thus, Guam law is in accord with well-established case law, which holds that an indictment is sufficient if 1) it contains the necessary elements of the crime alleged, 2) it informs the defendant of the crime charged with sufficient clarity to allow him to adequately defend against the charges and 3) it is stated with sufficient clarity to bar subsequent prosecution for the same offense. *See, e.g., United States v. Boone*, 951 F.2d 1526, 1542 (9th Cir. 1991). *People v. Muna*, 1996 WL 104532 at *3, No. CR94-00075A (D. Guam. App. Div. March 6, 1996).

After reviewing both the indictment as well as the grand jury transcripts, the Court finds

*People v. Sandoval,*
Decision and Order
Criminal Case No. CF0475-12

that dismissal is unwarranted. The indictment, Bill of Particulars and the grand jury transcripts provide sufficient information for the Defendant to prepare his defense. Through these documents, the Defense is able to ascertain the facts for which he has been indicted and the place where the alleged crimes occurred. Specifically, the indictment alleges that the Defendant caused his hand to touch the breast of J.M.S. a minor at least fourteen years old but less than 16 (Charge One) and had sexual intercourse with J.M.S., who is his descendant (Charge Two). Furthermore, the alleged crimes against J.M.S. took place at different times but on multiple incidents occurring in the bedroom of her parents', the Defendant's, home. Bill of Particulars at 2.

Although the indictment and the grand jury transcripts fail to provide a specific time and dates for when the alleged crimes occurred, time is not an essential element of the crimes charged in this particular case. *People v. Campbell*, 2006 Guam 14 ¶16. The Government need only prove that the crimes occurred on a date reasonably near the dates set forth in the indictment, especially when dealing with charges such as those found here. *See Campbell*, 2006 Guam 14. Generally, a defendant is not entitled to a bill of particulars setting forth the exact date of the commission of the offense. *See U.S. v. Noetzel*, 124 F.R.D. 518 (D.C. Mass 1989). For cases involving the alleged abuse of young children, a greater degree of flexibility is required because children are often unable to recall the exact date when a crime occurred. *See Commonwealth v. Grof*, 548 A.2d 1237 (Pa. Super. 1988). In this case, the alleged victim was 14 years old on the dates alleged in the indictment and she is unable to be more specific after repeated attempts by the Government to illicit additional specifics. Based on these facts, the Court finds that the allegation of a specified time range as opposed to an exact date, coupled with the other factual allegations contained in the Bill of Particulars, are sufficient for the Defendant to prepare his defense.

*People v. Sandoval,*
Decision and Order
Criminal Case No. CF0475-12

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss.

So **ORDERED** this _9th_ day of October, 2012.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify the foregoing is a full true and correct copy of the ORIGINAL on file in the Office of the Clerk of the Court, Superior Court.

DATED: OCT 1 9 2012

JANICE K.T. GUERRA
DEPUTY CLERK, Superior Court of Guam

*People v. Sandoval,*
Decision and Order
Criminal Case No. CF0475-12